STATE OF CONNECTICUT *v.* PASQUALE GAUDIO, SR.
(7542)

SPALLONE, O'CONNELL and NORCOTT, Js.

 

Argued June 20—decision released September 5, 1989

*George H. Romania,* for the appellant (defendant owner).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *David Strollo,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. This is an appeal from a judgment declaring a 1984 Chevrolet Blazer to be a nuisance and ordering the automobile forfeited to the Wallingford police.

The defendant[1] is the owner of the vehicle at issue. He claims that the court erred (1) in failing to find that he had knowledge of the use of his vehicle for illegal purposes, and (2) in ordering the forfeiture in violation of his due process rights because he was an innocent owner. We find no error.

The following facts are pertinent to our resolution of this appeal. On August 2, 1988, Wallingford police

---

[1] This action should properly be entitled *State* v. *One 1984 Chevrolet Blazer* because this is an in rem action against the vehicle. For the sake of clarity, we refer to Gaudio as the defendant.

officers executed a warrant to search the defendant's vehicle and his two sons. The officers discovered approximately five and one-half grams of cocaine in the glove compartment of the Blazer, and the vehicle was seized pursuant to General Statutes § 54-33g.[2] On October 18, 1988, after an in rem hearing, the trial court found the vehicle to be a nuisance, denied the defendant's motion for its return and ordered it forfeited to the Wallingford police department.

---

[2] "[General Statutes] Sec. 54-33g. SUMMONS TO OWNER ON SEIZURE OF PROPERTY. IN REM ACTION FOR ADJUDICATION AS NUISANCE. DISPOSITION OF PROPERTY. (a) When any property believed to be possessed, controlled, designed or intended for use or which is or has been used or which may be used as a means of committing any criminal offense has been seized as a result of a search incident to an arrest, a warrantless arrest or a search warrant, which the state claims to be a nuisance and desires to have destroyed or disposed of in accordance with the provisions of this section, the judge or court issuing the warrant or before whom the arrested person is to be arraigned shall, within ten days after such seizure, cause to be left with the owner of, and with any person claiming of record a bona fide mortgage, assignment of lease or rent, lien or security interest in, the property so seized, or at his usual place of abode, if he is known, or, if unknown, at the place where the property was seized, a summons notifying the owner and any such other person claiming such interest and all others whom it may concern to appear before such judge or court, at a place and time named in such notice, which shall be not less than six nor more than twelve days after the service thereof, then and there to show cause why such property should not be adjudged a nuisance and ordered to be destroyed or otherwise disposed of as herein provided. Such summons may be signed by a clerk of the court or his assistant and service may be made by a local or state police officer. It shall describe such property with reasonable certainty and state when and where and why the same was seized.

"(b) If the owner of such property or any person claiming any interest in the same appears, he shall be made a party defendant in such case. Any state's attorney or assistant state's attorney may appear and prosecute such complaint.

"(c) If the judge or court finds the allegations made in such complaint to be true and that the property has been possessed, controlled or designed for use, or is or has been or is intended to be used, with intent to violate or in violation of any of the criminal laws of this state, he shall render judgment that such property is a nuisance and order the same to be destroyed or disposed of to a charitable or educational institution or to a governmental agency or institution provided, if any such property is subject to a bona fide mortgage, assignment of lease or rent, lien or security interest, such

The defendant's first claim of error is that the trial court failed to make an explicit finding that the defendant knew of the illegal activities involving the use of his vehicle. He argues that such a finding is a prerequisite to a forfeiture order because the property of an innocent owner is not subject to confiscation under the statute.

The defendant misunderstands the purpose of § 54-33g. This statute provides for a civil action in rem, as opposed to a criminal proceeding, to determine whether property has been used in violation of the law and is thus subject to forfeiture. *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 485, 493 A.2d 874 (1985). The guilt or innocence of the owner is not an issue in

property shall not be so destroyed or disposed of in violation of the rights of the holder of such interest. When any money or valuable prize has been seized upon such warrant and condemned under the provisions of this section, such money or valuable prize shall become the property of the state and when the property is money it shall be deposited in the general fund, provided any such property, which at the time of such order is subject to a bona fide mortgage, assignment of lease or rent, lien or security interest shall remain subject to such mortgage, assignment of lease or rent, lien or security interest. When any property or valuable prize has been declared a nuisance and condemned under this section, the court may also order that such property be sold by sale at public auction in which case the proceeds shall become the property of the state and shall be deposited in the general fund; provided, any person who has a bona fide mortgage, assignment of lease or rent, lien or security interest shall have the same right to the proceeds as he had in the property prior to sale. Final destruction or disposal of such property shall not be made until any criminal trial in which such property might be used as evidence has been completed.

"(d) If the judge or court finds the allegations not to be true or that the property has not been kept with intent to violate or in violation of the criminal laws of this state or that it is the property of a person not a defendant, he shall order the property returned to the owner forthwith and the party in possession of such property pending such determination shall be responsible and personally liable for such property from the time of seizure and shall immediately comply with such order.

"(e) Failure of the state to proceed against such property in accordance with the provisions of this section shall not prevent the use of such property as evidence in any criminal trial."

this proceeding. Id.; *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 596, 546 A.2d 879 (1988).

Although the application of the statute may result in hardship in some cases; *State* v. *One 1981 BMW Automobile,* supra; " '[w]hen the statute provides for such forfeiture in unequivocal language, making no exceptions in favor of the claims of innocent owners . . . it must be assumed that the legislature deemed that such enactment was necessary effectively to curb violation of the law, and we cannot impute to it an intent to make the statute less drastic and effective by adopting a strained construction of the language used, and reading into it an exception which does not there appear.' " *State* v. *One 1977 Buick Automobile,* supra, quoting *Alcorn, State's Attorney* v. *Alexandrovicz,* 112 Conn. 618, 623, 153 A. 786 (1931). "Any hardship suffered by an innocent owner is incidental to the state's valid exercise of its sovereign authority to protect its citizens through means reasonably calculated to reduce the violation of the criminal laws." Id., 486.

The defendant's reliance on *Calero-Toledo* v. *Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974), is unpersuasive. In that case, the United States Supreme Court stated in dicta that it could conceive of two possible situations in which strict application of forfeiture statutes would be inappropriate: (1) when the property subjected to forfeiture had been taken from its owner without his privity or consent; and (2) when an owner proved that he was not involved in nor aware of the wrongful activity, *and* that he had done all that reasonably could be expected to prevent the illegal use of his property.[3] Id., 689.

[3] Our courts mentioned this dicta in *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 486, 493 A.2d 874 (1985); *State* v. *Connelly,* 194 Conn. 589, 592, 483 A.2d 1085 (1984); *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 597, 546 A.2d 879 (1988).

We have not found, nor have the parties provided us with any cases in which the Supreme Court's *Calero-Toledo* dicta has proved controlling. Moreover, even if we were to find that dicta persuasive, the facts of the present case fail to meet either of the two situations described.[4]

The evidence presented at the in rem hearing disclosed that the defendant's sons made extensive use of the Blazer and had, in fact, installed a tape deck and had kept personal property in the vehicle. Although the defendant testified that his children were required to ask permission before using the vehicle, there was no indication that permission had ever been refused. Thus, the defendant cannot and did not claim that the vehicle had been taken without his consent.

Turning to the second situation mentioned in *Calero-Toledo*, the trial court made a specific finding that the defendant failed to sustain his burden of establishing that he did all he reasonably could have done to avoid having his vehicle put to an illegal use. We are satisfied that this finding is amply supported by the record. Thus, even if we were to apply the *Calero-Toledo* dicta to the present case, the defendant's knowledge of his sons' illegal use of his vehicle is irrelevant and no explicit finding on this issue was necessary or required.

In light of our resolution of the defendant's first claim of error, we need not address his second claim.

There is no error.

In this opinion the other judges concurred.

---

[4] We note that the yacht leasing company in *Calero-Toledo* v. *Pearson Yacht Leasing Co.*, 416 U.S. 663, 689, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974), was completely unaware of the illegal activity for which its property was seized, yet the United States Supreme Court still upheld the forfeiture.