STATE OF CONNECTICUT *v.* ELIZER TITO COTTO
(AC 28296)

Flynn, C. J., and Lavine and Hennessy, Js.

Submitted on briefs October 21—officially released Decemder 30, 2008

*Elizer Tito Cotto*, pro se, the appellant, filed a brief (defendant).

*Jonathan C. Benedict*, state's attorney, and *Frederick W. Fawcett*, supervisory assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Elizer Tito Cotto,[1] appeals from the judgment dismissing his petition for a writ of error coram nobis[2] or audita querela.[3] The defendant claims impropriety in the court's holding that it lacked jurisdiction to hear his petition. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. On December 19, 1996, the defendant pleaded guilty to robbery in the second degree in violation of General Statutes § 53a-135 (a) (1) and subsequently was sentenced to a term of ten years imprisonment, execution suspended after two years, and three years probation. The defendant completed his term of incarceration and was released from custody on January 31, 1999. On June 28, 2006, the defendant filed his petition for a writ of error coram nobis or audita querela. In the petition, the defendant claimed that the attorney who represented him on the robbery case rendered ineffective assistance of counsel. He claimed ineffective assistance because the attorney did not advise him of the possibility of disposing of the criminal charges as a youthful

---

[1] The defendant represented himself, pro se, both at the trial level and in this appeal. The defendant did not appear for oral argument, and, therefore, this court considered this case on the briefs submitted.

[2] "A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law." (Citations omitted; internal quotation marks omitted.) *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002).

[3] "A writ of audita querela is a writ issued to afford a remedy to a defendant against whom judgment had been rendered, but who had new matter in defense . . . arising, or at least raisable for the first time, after judgment." (Internal quotation marks omitted.) *Ruiz* v. *Gatling*, 73 Conn. App. 574, 574 n.2, 808 A.2d 710 (2002).

offender or under the accelerated rehabilitation program and did not file the proper documents for the defendant to file an appeal.[4] He claimed that he became aware of these issues while he was in federal custody. He further alleges that because of his robbery conviction, he was unable to gain access to drug programs that would have reduced the length of his federal sentence.

The court held that neither of the common-law remedies were applicable to the present case. The writ of error coram nobis was held inapplicable because it must be filed within three years of judgment, while the writ of audita querela was found to be for use in civil matters when enforcement of a judgment would be contrary to the ends of justice due to matters that have arisen since its rendition. The defendant filed a motion for reconsideration of his petition, which was granted, and the court affirmed its position by clarifying that the petition was filed nine years and five months after the plea and that the court had dismissed the petition for lack of jurisdiction.

On appeal, the defendant claims that it was improper for the court to find that it did not have jurisdiction to hear the petition. The state begins by arguing that there is an inadequate record for review but contends that should this court find that there is an adequate record, the defendant had other remedies he failed to pursue. We agree with the state that we have an inadequate record to review this case.

"[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. *Rosato* v. *Rosato,* 53 Conn. App. 387, 390, 731 A.2d 323 (1999). Although we allow pro se litigants some latitude, the right of self-representation provides

---

[4] The defendant was seventeen years old at the time of his plea.

no attendant license not to comply with relevant rules of procedural and substantive law. . . . *Zanoni* v. *Hudon*, 42 Conn. App. 70, 77, 678 A.2d 12 (1996)." (Internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061 [now § 60-5] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court." (Citations omitted; internal quotation marks omitted.) Id., 621. Without the necessary factual and legal conclusions furnished by the trial court, any decision made by us respecting the defendant's claims would be entirely speculative.

There are no transcripts in this case and only a cursory order from the court dismissing the petition. We were not presented with any information from which to review the defendant's claim.

The judgment is affirmed.