## STATE OF CONNECTICUT *v.* BRUSHAUN L. THOMPSON
### (AC 29654)

Lavine, Beach and Alvord, Js.

Argued January 6—officially released April 6, 2010

*Jodi Zils Gagne*, special public defender, for the appellant (defendant).

*Melissa Patterson*, deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michael A. DeJoseph*, assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The defendant, Brushaun L. Thompson, appeals from the judgments of the trial court denying his motion to terminate probation. On appeal, the defendant claims that the court abused its discretion when it denied his motion because the state's delay in charging him with a probation violation constituted a violation of his due process rights. We affirm the judgments of the trial court.

Following convictions for larceny in the third degree, the court sentenced the defendant to a total effective term of six years incarceration, execution suspended after two and one-half years, and three years of probation. The defendant was released from incarceration and began probation on January 28, 2005. A condition of the defendant's probation was that he "not violate any criminal law of the United States, this state or any other state or territory." In September, 2005, the defendant was arrested and charged with two counts of larceny in the first degree, eleven counts of identity theft and failure to appear.[1] During his trial, the defendant was involved in an altercation with a judicial marshal at the Norwalk courthouse, and, as a result, he was arrested in July, 2007, and charged with assault of public safety personnel. An arrest warrant for probation violations issued in August, 2007.

[1] Following a jury trial, the defendant was convicted of two counts of larceny in the first degree in violation of General Statutes § 53a-122 (a) (2) and one count of failure to appear in the first degree in violation of General Statutes § 53a-172 (a) (1). See *State* v. *Thompson*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CR-05-0110055-S (July 13, 2007).

On January 2, 2008, the defendant filed an amended motion to terminate probation pursuant to General Statutes § 53a-33.[2] On January 14, 2008, following a hearing, the court denied the defendant's motion and found him in violation of probation. On appeal, the defendant does not challenge the court's determination that a probation violation occurred. Instead, he claims that the court abused its discretion when it denied his motion to terminate because the state's delay in pursuing the probation violation constituted a violation of his due process rights.[3]

Although both parties agree that the court's denial of the defendant's motion should be reviewed for abuse of discretion, the defendant has not provided us with an adequate record to review his claim. "The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . Without the necessary factual and legal conclusions furnished by the trial court, any decision made by us respecting the defendant's claims would be entirely speculative." (Citations omitted; internal quotation marks omitted.) State v. Cotto, 111 Conn. App. 818, 821, 960 A.2d 1113 (2008). In this case, the court did not articulate the basis for its decision, and the defendant did not file a motion for articulation. As a result, the record before us is inadequate, and we decline to review the defendant's claim.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[2] General Statutes § 53a-33 provides in relevant part: "The court or sentencing judge may at any time during the period of probation or conditional discharge, after hearing and for good cause shown, terminate a sentence of probation or conditional discharge before the completion thereof . . . ."

[3] The defendant argues that he should have been charged with a probation violation when he was arrested in September, 2005.